**O'KEEFE, Plaintiff-Appellant, v. JONES, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2186. Decided May 29, 1952.

Myers, Mills, Boesch & Cline, Orel J. Myers, James T. Cline, of Counsel, Dayton, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Warren A. Ferguson, of Counsel, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's amended petition upon a general verdict of a jury on behalf of the defendant together with its answers to several interrogatories submitted to it by the trial judge.

Counsel for appellant assign eight errors in their brief on behalf of appellant but upon oral presentation none was urged except those which relate to the claim that the verdict of the jury is contrary to, against the manifest weight of the evidence and is not sustained by sufficient evidence.

We have read all of the voluminous bill of exceptions in this case except so much as pertains to the nature and extent of plaintiff's injuries.

Upon the pleadings the issue of the negligence of the defendant was clearly drawn. These are the averments of the amended petition.

"Plaintiff * * * avers that on or about April 10, 1949 she

was the owner of a 1946 Chevrolet automobile, and on the aforesaid date she was operating her said Chevrolet westwardly on East Third Street near Delmar Avenue in the designated lane of traffic for west traveling traffic. * * * that while proceeding westward on East Third Street as aforesaid, * * *, a Ford Coach automobile owned and operated by the defendant, John D. Jones, was proceeding westwardly on East Third Street at a fast rate of speed and negligently and violently collided with the rear of the Chevrolet of the plaintiff * * *."

Then follows specific charges.

Defendant answering said:

"the collision was caused by the negligence of the plaintiff * * * in operating her automobile into East Third Street from Delmar Avenue immediately ahead of defendant's automobile and without yielding the right-of-way to the defendant * * *."

This specific denial followed a general denial of the averments of the amended petition.

Counsel for the parties, in their specific statements to the jury elaborated somewhat upon their respective claims in the pleadings. Counsel for appellant advanced the theory that the collision between plaintiff's Chevrolet and defendant's Ford occurred on Third Street west of its intersection with Delmar Avenue after the Ford had struck a parked car on the north side of Third Street, and that the Chevrolet was struck in the rear. Counsel for appellee stated that when plaintiff was making her turn in the intersection from Delmar Avenue into Third Street defendant's car struck the Chevrolet over the right rear wheel. Later he said "and if the police report taken by the Police Department of the City of Dayton doesn't come in and show that this accident occurred right up near the intersection, then, give the plaintiff a verdict." It was not vital to plaintiff's case under her amended petition that she prove that defendant's automobile first struck the parked car nor was defendant absolved from liability, if it appeared that the accident occurred right up near the intersection provided it occurred after plaintiff had gotten into and was moving westward on Third Street.

Something is said in the brief for appellant to the effect that plaintiff might recover upon the doctrine of last clear chance even though the collision occurred in the intersection. This might be true if it were pleaded but it was not. The trial judge in the general charge drew the issues upon which liability depended.

It is not necessary for this Court to state for the benefit of experienced counsel the limitations upon our authority to

reverse a verdict of a jury on the weight of the evidence. Conceding to the jury its right to determine the credibility of the witnesses, weigh the disputed issues of fact and to resolve them, we may not reverse this judgment.

There is much support for plaintiff's contention in her amended petition as to the place where and manner in which the collision occurred. We find no direct testimony which lends any support to the claim that defendant's automobile struck the parked car before it struck plaintiff's automobile. Plaintiff did not know the course of the Ford before and at the time that it struck her car nor did any of her witnesses. The physical fact which carries most weight as to the place where the collision occurred was the damage to the left front wheel of defendant's car which, in all probability, collapsed at or about the time of his collision with the Chevrolet. If this be true, he did not move very far after he struck plaintiff's car for the obvious reason that he could not move far with the broken left front wheel. The distance from the intersection where he stopped does not rule out the possibility that plaintiff's car was west of the intersection when struck. Nor, do the photographs negative completely the possibility that plaintiff's car was struck on its right rear after it had moved into Third Street.

But defendant's testimony and that of his former wife is to the effect that the collision occurred while the plaintiff was yet in the intersection and in the act of turning from Delmar Avenue into Third.

In a situation as is presented in this case circumstances and physical facts constitute basis for inferences as to how and where the collision occurred. They are susceptible of so many interpretations as to the determination of which the jury must be given the widest latitude.

The jury returned answers to three special interrogatories with its general verdict. It said that the collision was proximately caused by the combined negligence of the plaintiff and the defendant; that the plaintiff's automobile was turning at the time it was struck and that the collision between the plaintiff's automobile and the automobile of the defendant occurred before the defendant car collided with the parked car. The answer that both parties were negligent may have supported plaintiff's contention that the defendant was driving at an excessive rate of speed and/or that he was intoxicated. The negligence of the plaintiff which the jury must have found is that she also was negligent in making the turn at the intersection before taking proper precautions to determine that she could do so safely. The answers to the inter-

rogatories also require the conclusion that the jury was of opinion that the collision occurred in the intersection and that the parked car was struck after the first collision. Both of these issues were resolved against the plaintiff.

Upon a careful consideration of the record, although we doubt if we would reach the same conclusion as the jury, the full membership of this Court cannot agree that the judgment should be reversed.

It will, therefore, be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.